**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CINDY TETA and MOTTY STEIN, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>GO NEW YORK TOURS, INC., d/b/a TOPVIEW SIGHTSEEING AND EVENT CRUISES NYC - CITY LIGHTS CRUISE<br><br>               Defendant. | Case No.:<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Cindy Teta and Motty Stein ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned counsel, bring this class action complaint against Go New York Tours, Inc. d/b/a TopView Sightseeing and Event Cruises NYC - City Lights Cruise (herein "City Lights Cruise" or "Defendant"). Plaintiffs allege the following upon information and belief based on the investigation of counsel, except as to those allegations that specifically pertain to Plaintiffs, which are alleged upon personal knowledge.

## NATURE OF THE ACTION

1. Defendant has been charging online purchasers of cruise tickets from its website at hhttps://eventcruisesnyc.com/events/city-lights-cruise-nyc/, without properly disclosing fees prior to the consumer checking out, in violation of the New York Arts and Cultural Affairs Law § 25.07(4).

2. When ticket purchasers visit Defendant's website https://eventcruisesnyc.com/events/city-lights-cruise-nyc to buy a ticket to an event, they are initially quoted one price, only to later be shown the true total ticket price, which includes

additional charges in the form of "Ticket and Handling," "Marine," and "Fuel" fees (collectively, "Fees").

3.      In an effort to stop this type of business practice, New York State passed the Arts and Cultural Affairs Law, which provides that a "platform that facilitates the sale or resale of tickets… shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." § 25.07(4).

4.      The "disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket being selected for purchase." *Id*. (emphasis added). § 25.07(4) further states that "[t]he price of the ticket shall not increase during the purchase process." *Id*. (emphasis added). This latest version of the law went into effect August 29, 2022.[1]

5.      Arts and Cultural Affairs Law § 25.07(4) provides that a "platform that facilitates the sale or resale of tickets". . . shall disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." *Id*.

6.      As a result of Defendant's failure to adhere to these disclosure standards, Plaintiffs seek relief in this Action individually, and on behalf of all other ticket purchasers of Defendant for actual and/or statutory damages in the amount of fifty dollars per violation,[2] reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## **PARTIES**

7.      Plaintiff Cindy Teta is an individual consumer who, at all times material hereto, was a citizen and resident of Queens County, New York. Plaintiff purchased an admission ticket

---

[1] *See* N.Y. Arts & Cult. Aff. Law § 25.07
[2] *See* New York Arts and Cultural Affairs Law § 25.34

to a cruise in New York through Defendant's website at https://eventcruisesnyc.com/events/city-lights-cruise-nyc.



*Ms. Teta's ticket confirmation*

8.    The transaction flow process she viewed on Defendant's website was substantially similar to that depicted in *Figures 1 through 4* in this complaint. When Ms. Teta first visited Defendant's website to purchase a ticket, she was initially quoted a fee-less price. Only after selecting her ticket option, then clicking through multi-pages, was she then presented with additional "Fees ".

9.     Plaintiff Motty Stein is an individual consumer who, at all times material hereto, was a citizen and resident of New York. Plaintiff purchased an admission ticket to a cruise in New York through Defendant's website at https://eventcruisesnyc.com/events/city-lights-cruise-nyc.



*Mr. Stein's ticket confirmation*

The transaction flow process he viewed on Defendant's website was substantially similar to that depicted in *Figures 1 through 4* in this complaint. When Mr. Stein first visited Defendant's website to purchase a ticket, he was initially quoted a fee-less price. Only after selecting his ticket option, then clicking through multi-pages, was he then presented with additional "Fees ."

10.     Defendant Go New York Tours, Inc., is a tour company incorporated in New York with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members; the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs; and at least one Class member is a citizen of a state different from Defendant.

12.    This Court has personal jurisdiction over Defendant because Defendant is headquartered in the state of New York, regularly conducts business in this District, and has extensive contacts with this forum.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this District, and Defendant transacts substantial business in this District.

## NEW YORK ARTS & CULTURAL AFFAIRS LAW

14.    The New York enacted Arts & Cultural Affairs Law § 25.07(4), effective on August 29, 2022, provides that "[e]very operator or operator's agent of a place of entertainment, any licensee or other ticket reseller, or platform that facilitates the sale or resale of tickets … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser. Such disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket being selected for purchase." *Id*. And "[t]he price of the ticket shall not increase during the purchase process." *Id*.

15.    In response to ticketing websites' communications to the State of New York's Division of Licensing Services as to the scope of the law, the Division of Licensing Services clarified: "the ticket purchasing process begins once a consumer visits a ticket marketplace and

5

*first sees a list of seat prices*." *See* N.Y. Dep't of State, Div. Licens. Servs., Request for Additional Guidance – New York State Senate Bill S.9461, attached hereto as Exhibit A, at 1 (emphasis added).

16.     The Division of Licensing Services added that "[f]rom the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id.* "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser should not then have to search for the total price of the ticket as the purchaser proceeds through the purchasing process, it should continue to be readily available to the purchaser." *Id.* at 2 (emphasis added).

17.     The statute does not speak to any purchasing limitations. By all accounts, the statute applies to: (i) New York purchasers of tickets to a New York based event, (ii) New York purchasers of tickets to a non-New York based event, and (iii) non-New York purchasers of tickets to a New York event.

## <u>COMMON FACTUAL ALLEGATIONS</u>

18.     When    a    prospective    purchaser    visits    Defendant's    website, https://eventcruisesnyc.com/events/city-lights-cruise-nyc, to purchase a ticket, they are initially prompted to select a cruise departure date. *See Figure 1*, next page.



*Figure 1*

19.    *Figure 1* depicts the sampled purchase, for demonstration purposes only, of the first page a purchaser is presented with when going to buy a ticket.

20.    Next, purchasers are shown their departure date selection with the option to choose General or Premium Admission, with corresponding ticket prices. The price shown at this stage of the purchase process makes no mention of any fees. *See Figure 2.*



*Figure 2*

21.     Next, purchasers are taken to an order summary page and asked to input their information, which includes their name and email address. The price shown at this stage of the purchase process still makes no mention of any fees. *See Figure 3.*



*Figure 3*

22.     Finally, purchasers are taken to the order summary page where, for the first time in the multi-step purchase process, they are presented with additional "Fees." *See Figure 4.*



*Figure 4*

**Compliance With New York Arts and Cultural Affairs Law § 25.07(4).**

23.     Certain ticket sellers' websites, in contrast to Defendant's, appear to comply with ACAL. Ticket reseller Eventbrite, Inc. ("Eventbrite") presentation of fees on their website https://www.eventbrite.com/ is an example of a business that is in compliance with the New York Arts and Cultural Affairs Law § 25.07(4).

24.     As soon as a purchaser is prompted to select their ticket type, they are presented with the ticket price, inclusive of fees. *See Figure 5.*



*Figure 5*

25.     Finally, the purchaser arrives at the checkout page, ready to complete their purchase, and is shown the same ticket price presented on the prior page. *See Figure 6*, next page.



Figure 6

26.     In contrast to Defendant's presentation of ticket pricing, at no point during the multi-step purchase process presented by Eventbrite did the ticket price displayed to the buyer change. It remained consistent from the first point of selection through to checkout, in compliance with New York Arts and Cultural Affairs Law § 25.07(4).

27.     Additionally, the American Museum of Natural History ("AMNH") serves as another example of how ticket fees should be presented to comply with the statute.

28.     When a purchaser visits the AMNH website at https://www.amnh.org to purchase a ticket, they are initially prompted to select the type and quantity of tickets, with a price displayed. *See Figure 7*, next page.



Figure 7

29.     Thereafter, a purchaser is prompted to select the date and time of their visit, with the price display remaining the same as it was during the initial step in the purchase process. *See Figure 8.*



Figure 8

30.    Next, the purchaser is asked to review their cart to confirm their ticket details. *See Figure 9.*



Figure 9

31.    Finally, the purchaser arrives at the checkout page, ready to complete their purchase. *See Figure 10.*



Figure 10

32.    In contrast to Defendant's presentation of ticket pricing, at no point during the multi-step purchase process presented by AMNH, did the ticket price displayed to the buyer

change. It remained consistent from the first point of selection through to checkout, in compliance with New York Arts and Cultural Affairs Law § 25.07(4).

## CLASS ACTION ALLEGATIONS

33.    Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of the following Class:

> All purchasers of tickets to City Lights Cruise from Defendant's website.

34.    Specifically excluded from the Class are Defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

35.    Plaintiffs reserve the right to amend the Class definition above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

36.    This action may be certified as a class action under Federal Rule of Civil Procedure 23 because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

37.    Numerosity (Rule 23(a)(1)): The Class is so numerous that joinder of all Class members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendant Plaintiffs estimate that the Class is comprised of hundreds of thousands, or more, Class members. The Class is sufficiently numerous to warrant certification. The exact number of Class Members is in the possession and control of Defendant.

38.     Typicality of Claims (Rule 23(a)(3)): Plaintiffs, like the other customers of Defendant, have been subjected to Defendant's deceptive pricing disclosure practices. Plaintiffs are members of the Class and their claims are typical of the claims of the members of the Class. The harm suffered by Plaintiffs is similar to that suffered by all other Class members that was caused by the same misconduct by Defendant.

39.     Adequacy of Representation (Rule 23(a)(4)): Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have no interests antagonistic to, nor in conflict with, the Class. Plaintiffs have retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

40.     Superiority (Rule 23(b)(3)): A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Because the monetary damages suffered by individual Class members is relatively small, the expense and burden of individual litigation make it impossible for individual Class members to seek redress for the wrongful conduct asserted herein.  If Class treatment of these claims is not available, Defendant will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

41.     Predominant Common Questions (Rule 23(a)(2)): The claims of all Class members present common questions of law or fact, which predominate over any questions affecting only individual Class members, including:

a.   Whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4);

b.  Whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4); and

c.  Whether Defendant failed to disclose its service charge in a clear and conspicuous manner in violation of New York Arts & Cultural Affairs Law § 25.07(4).

42.    Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

43.    The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendant. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

44.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

45.    Given that Defendant has not indicated any changes to its conduct, monetary damages are insufficient and there is no complete and adequate remedy at law.

## CAUSES OF ACTION

### COUNT I
### NEW YORK ARTS & CULTURAL AFFAIRS LAW§ 25.07

46.    Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1-10 and 17-32 as if fully set forth herein.

47.    Plaintiffs bring this claim individually and on behalf of the members of the Nationwide Class against Defendant.

48.     Defendant is an "operator[s]… of a place of entertainment" under N.Y. Arts & Cult. Aff. Law § 25.03(6), because Defendant operates a tour company, which constitutes a "place of entertainment."

49.     Under N.Y. Arts & Cult. Aff. Law § 25.03(6), a "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games, or contests are held for which an entry fee is charged."

50.     Defendant, by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in *Figures 1 through 4* of this Complaint, have violated New York Arts & Cultural Affairs Law § 25.07(4)

51.     Through increasing the total cost of its tickets during the purchase process, as depicted in *Figures 1 through* 4 of this Complaint, Defendant violated New York Arts & Cultural Affairs Law § 25.07(4)

52.     Additionally, by failing to "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser," as depicted in *Figure 4* of this Complaint, Defendant further violated New York Arts & Cultural Affairs Law § 25.07(4)

53.     Defendant's "Fees" are "ancillary fees that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

54.     Plaintiffs purchased tickets on Defendant's website and were forced to pay Defendant's service charges in order to secure their ticket. Plaintiffs were harmed by paying these service charges, even though that total cost was not disclosed to Plaintiffs at the beginning of the

purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law §
25.07(4).

55.     Plaintiffs were also harmed by paying Defendant's service charge, even though it
was not clearly and conspicuously disclosed on the final checkout page, and therefore, is unlawful
pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

56.     Through this Complaint, Plaintiffs, on behalf of themselves and members of the
Class, seek to enjoin the unlawful acts and practices described herein, to recover actual damages
or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* N.Y. Arts & Cult. Aff.
Law § 25.33.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, seek
judgment against Defendant, as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure
and naming Plaintiffs as representative of the Class and Plaintiffs' attorneys as Class
Counsel to represent the Class;

(b) For an order declaring that Defendant's conduct violates the statute referenced herein;

(c) For an order finding in favor of Plaintiffs and the Class;

(d) For compensatory and statutory damages in amounts to be determined;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and
expenses.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiffs demand a trial by jury of all issues so triable.

Dated: March 01, 2024

**LEVI & KORSINSKY, LLP**

By: <u>*/s/ Eduard Korsinsky*</u>
Eduard Korsinsky (EK-8989)
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: ek@zlk.com

*Counsel for Plaintiffs*